UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKALOS DEMOND GRAY,<br><br>    Petitioner,<br>v.<br><br>RONALD J. RACKLEY, Warden,<br><br>    Respondent. | Civil No. 14cv2730 JAH (RBB)<br><br>**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

Pending before the Court is Petitioner Nickalos Gray's petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2254. Respondent filed an answer and a supplemental answer to the petition. Petitioner did not file a traverse. Pursuant to 28 U.S.C. section 636(b)(1), the Honorable Ruben B. Brooks, United States Magistrate Judge, submitted a Report and Recommendation ("report") to this Court recommending denial of the petition. After careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court **ADOPTS** Judge Brooks' report in its entirety, **DENIES** the instant petition in its entirety and **DENIES** a certificate of appealability.

## BACKGROUND[1]

On May 2, 2012, a jury convicted Petitioner of car jacking in violation of California

---

[1] The underlying facts set forth in the report are adopted *in toto*, and referenced as if fully set forth herein. This Court provides only a brief procedural background.

Penal Code section 215(a), and possession of a deadly weapon in violation of California Penal Code 12020(a)(1). See Lodg. 1 at 130, 131. The jury also found Petitioner was vicariously liable within the meaning of California Penal Code section 12022 (a)(1). Id. at 129. Petitioner was sentenced to 4 years and 8 months in prison. See Lodg. 1 at 167. Petitioner appealed his conviction. See Lodg. 1 at 169. The California Court of Appeal affirmed the judgment. See Lodg. 5. Petitioner filed a petition for review which the California Supreme Court denied without opinion. See Lodg. 6.

Petitioner filed the pending petition in this Court on November 17, 2014, asserting the following grounds for relief:

  1. The trial court committed prejudicial error when it excluded evidence of third party culpability;
  2. The prosecutor's conduct in arguing facts not in evidence in her closing argument made the trial fundamentally unfair; and
  3. The aggregate of the prosecutor arguing facts not in evidence coupled with the trial court's failure to allow third party culpability warrants reversal.

Respondents filed an answer to the petition on January 20, 2015, and filed a supplemental response on May 28, 2015, upon Judge's Brooks' order. Petitioner did not file a traverse. Judge Brooks filed the report on August 11, 2016. Objections to the eport were due by September 8, 2016. Neither party filed objections.

## DISCUSSION

### I.  Legal Standard

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. section 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id. When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and the district court is not required to conduct a *de novo* review the magistrate judge's report and recommendation. See Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) (stating that "*de novo* review of a R & R is only required when an objection is made"); United States v. Reyna–Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)

(holding that 28 U.S.C. section 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise").

## II. Analysis

The Court received no objections to the Report. As such, the Court assumes the correctness of Judge Brook's factual findings and adopts them in full. The Court has reviewed the report and all relevant papers submitted by the parties, and finds the report provides a cogent analysis of the claims presented in the instant petition.

Specifically, the Court agrees with Judge Brooks' determination that Petitioner's evidence of third party culpability,[2] had little probative value and, therefore, the exclusion of the evidence was not so prejudicial as to serve as a basis of habeas relief. See Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir. 1990) (quoting Lincoln v. Sunn, 807 F.2d 805, 816 (9th Cir. 1987)). The Court further agrees with Judge Brooks' determination that the court of appeal reasonably concluded Petitioner's constitutional rights were not violated by the exclusion of this evidence.

The Court also agrees with Judge Brooks that the state court's decision regarding the prosecutor's statements made during her closing argument which Petitioner asserts argued facts not in evidence, was not contrary to, or an unreasonable application of, clearly established United States Supreme Court law, and there was no cumulative error based upon the exclusion of third-party culpability evidence combined with the statements of the prosecutor.

Therefore, the petition for a writ of habeas corpus is denied. Accordingly, this Court ADOPTS the report in full and DENIES the instant petition in its entirety.

## III. Certificate of Appealability

Pursuant to Rule 11 of the Rules following 28 U.S.C. section 2254, which was

---

[2] The victim testified at a hearing that three days after the carjacking he saw an African-American man when walking near his home who stared at him several times and shot a gun into the dirt, and two days later he saw the same man speaking to another African-American man walking down the street and staring at him. See Lodg. 5 at 5.

amended effective December 1, 2009, a district court now "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A state prisoner may not appeal the denial of a section 2254 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(A); see also United States v. Asrar, 116 F.3d 1268, 1269–70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, petitioner must show: (1) the issues are debatable among jurists of reason, (2) a court could resolve the issues in a different manner, or (3) the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1024–25 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473 (2000); Barefoot v. Estelle, 463 U.S. 880 (1983)).

Based on this Court's review of the report, the Court finds no issues are debatable among jurists of reason. This Court further finds no issues could be resolved in a different manner. Lastly, this Court finds no questions are adequate to deserve encouragement to proceed further. Accordingly, this Court DENIES Petitioner a certificate of appealability.

## CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED:

1. The findings and conclusions of the magistrate judge presented in the Report and Recommendation are **ADOPTED** in their entirety;
2. The instant petition is **DENIED with prejudice** in its entirety;
3. Petitioner is **DENIED** a certificate of appealability;
4. The Clerk of Court shall enter judgment in accordance with this Order.

Dated: November 7, 2016

JOHN A. HOUSTON
United States District Judge